**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ex rel. JAMELL MURPHY, ) ) ) Plaintiff, ) ) v. ) ) RANDY PFISTER, ) ) Defendant. ) | 12 C 8867 Judge Ronald A. Guzmán |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jamell Murphy has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the motion is denied.

**Facts**

After a jury trial, Murphy was convicted of first-degree murder and armed robbery. (Resp.'s Ex. J, Trial Tr., *People v. Murphy*, No. 05 CR 5895 at 82 (Cir. Ct. Cook Cnty. Mar. 21, 2008).) The court sentenced Murphy to consecutive prison sentences of fifty years for first-degree murder and eight years for armed robbery. (Resp.'s Ex. A, Pet'r's Mot. Reconsider Sentence, *People v. Murphy*, No. 05 CR 5895 at 1 (Cir. Ct. Cook Cnty. June 4, 2008).) The fifty-year murder sentence included twenty-five years for personally discharging a firearm causing the death of the victim. (Resp.'s Ex. N, Order, *People v. Murphy*, No. 1-08-1705 at 1 (Ill. App. Ct. Jul. 14, 2010).)

On appeal, Murphy raised the following issues:

1. The evidence presented at trial was insufficient to convict him of first degree murder; and

2. The trial court punished him twice for the same offense when it convicted him of armed robbery and first degree murder because the verdict form did not rule out the possibility that the first degree murder verdict returned by the jury was based on felony murder.

(Resp.'s Ex. K, Br. & Arg. Pet'r Appellant, *People v. Murphy*, No. 1-08-1705 at 2 (Ill. App. Ct. Aug. 14, 2009).)

The appellate court affirmed (Resp.'s Ex. N, Order, *People v. Murphy*, No. 1-08-1705 at 16 (Ill. App. Ct. Jul. 14, 2010)), and the Illinois Supreme Court denied Murphy's petition for leave to appeal. (Resp's Ex. P, Order, *People v. Murphy*, No. 110892 (Ill. Nov. 24, 2010).) Murphy then filed a petition for post-conviction relief in the Circuit Court of Cook County raising the following claims:

> 1. The trial court violated *Apprendi v. New Jersey*, 520 U.S. 466 (2000), by imposing a twenty-five year sentencing enhancement; and
>
> 2. The trial court violated his right to due process by instructing the jury about legal accountability even though the indictment did not allege an accountability theory.

(Resp.'s Ex. Q, Post-Conviction Order, *People v. Murphy*, No. 05 CR 5895 at C:00027 (Cir. Ct. Cook Cnty. Feb. 10, 2011).) The trial court dismissed the petition (*id.* at C:00033), and the Illinois Appellate Court affirmed the dismissal. (Resp.'s Ex. T, Order, *People v. Murphy*, No. 1-11-0738 (Ill. App. Ct. May 30, 2012).) The Illinois Supreme Court denied Murphy's petition for leave to appeal. (Resp.'s Ex. V, Order, *People v. Murphy*, No. 114527 (Ill. Sept. 26, 2012).)

Murphy then filed the instant petition under 28 U.S.C. § 2254 asserting the following claims:

> 1. His rights were violated under *Apprendi v. New Jersey*, 520 U.S. 466 (2000), when the conduct for the twenty-five year firearm enhancement was merged into the underlying offense;
>
> 2. His due process rights were violated when the trial court imposed the twenty-five year enhancement because the jury did not find Murphy guilty of the enhancement conduct beyond a reasonable doubt;
>
> 3. His due process rights were violated when the jury was instructed regarding legal accountability; and
>
> 4. His due process rights were violated when he was sentenced to eight years of imprisonment for armed robbery and one possible basis for finding him guilty of first degree murder was predicated, in part, on the jury finding that he had committed the murder in the course of an armed robbery, *i.e.*, felony murder.

(§ 2254 Pet., Dkt. # 1.)

**Analysis**

Claims 1 and 2

A habeas petitioner can pursue his claims in federal court only after raising them in "one complete round of state-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "This means that the petitioner must raise [them] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025–26.

In his first two claims, Murphy asserts that his rights were violated under *Apprendi* because the jury did not find him guilty of the conduct for which he received the twenty-five year sentencing enhancement, *i.e.*, that he personally discharged a firearm causing the death of the victim. In denying Murphy's challenge to the same issue in his petition for post-conviction relief, the Circuit Cook of County concluded that "[p]etitioner's failure to raise the issue on direct appeal precludes post-conviction consideration thereof" and therefore the issue was procedurally defaulted. (Resp.'s Ex. Q, Post-Conviction Order, *People v. Murphy*, No. 05 CR 5895 at C:00030 (Cir. Ct. Cook Cnty. Feb. 10, 2011).) The Illinois Appellate Court affirmed the dismissal. (Resp.'s Ex. T, Order, *People v. Murphy*, No. 1-11-0738 (Ill. App. Ct. May 30, 2012).) Because Murphy failed to raise the *Apprendi* claims at every level in the state court system, his first two claims are procedurally defaulted.

The Court can still consider the merits of these claims, despite the default, if Murphy shows cause for and prejudice from having failed to raise them in state court or that he is actually innocent, *i.e.*, "that no reasonable [fact finder] would have found him guilty of the crime[s] [for which he was convicted] but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because Murphy has done neither, the Court cannot review these claims.

Claim 3

In his third claim, Murphy contends that his rights were violated when the jury was instructed regarding legal accountability because the state charged him as a principal and elicited evidence in support of that at trial but then the court instructed the jury that Murphy could be held accountable for the actions of another.

Although not argued by the respondent, it appears that this claim has also been procedurally defaulted because it was not raised on direct appeal but could have been. *Lewis*, 390 F.3d at 1025–26 ("This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

Even if raising the issue in his post-conviction petition for the first time was appropriate and it has not been procedurally defaulted, the claim lacks merit. The Court can grant habeas relief on this claim only if the state court's decisions on them were "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1),(2).

The trial court stated as follows with respect to this claim:

> Petitioner additionally claims that his due process rights were violated when the jury in his case was instructed regarding accountability when he (petitioner) was not charged with the offense of accountability. This claim is simply not legally sufficient under the Post-Conviction Hearing Act.
>
> "Accountability" is not a separate and distinct offense. *People v. Williams*, 28 Ill. App. 3d 402 (5th 1975). There is no requirement that a defendant be charged with a crime in the language of accountability. It is always proper to charge one as a principal even though the proof is that he is an accessory who aided or abetted the commission of the crime. Accountability is not an offense in itself, but merely an alternative to the nature of proof required to convict for a substantive offense. Accountability principles provide a method of proof to convict someone who is not the actual perpetrator for an offense committed by another. *People v. Buffington*, 51 Ill. App. 3d 899 (5th 1977).

(Resp.'s Ex. Q, Post-Conviction Order, *People v. Murphy*, No. 05 CR 5895 at C:00032-33 (Cir. Ct. Cook Cnty. Feb. 10, 2011).) The Seventh Circuit has concluded that "a defendant who has been indicted as a principal may be convicted on evidence establishing that he merely aided and abetted the commission of the substantive offense." *United States v. Medina*, 755 F.2d 1269, 1278-79 (7th Cir. 1985). Because the state court's decision was not contrary to or involve an unreasonable application of federal law, Murphy is not entitled to relief under § 2254.

Claim 4

In his fourth claim, Murphy argues that his due process rights were violated based on the verdict form and jury instructions for the first degree murder charge. Specifically, the verdict form given to the jury with no objection from the defendant stated:

> 1) We the jury find defendant Jamell Murphy not guilty of First Degree murder.
> 2) We the jury find defendant Jamell Murphy guilty of First Degree murder.

(Resp.'s Ex. L, Pl.'s Br. & Arg. at 18, *People v. Murphy*, No. 08-1705 (Ill. App. Ct.).) The instruction given to the jury on the first-degree murder charge with no objection from the defendant was as follows:

> A person commits the offense of first degree murder when he kills an individual if, in performing the acts which cause the death,
> > he intends to kill or do great bodily harm to that individual;

4

>             or
>             he knows that such acts will cause death to that individual;
>             or
>             he knows that such acts will create a strong probability of death or great
>             bodily harm to that individual;
>             or
>             he is committing the offense of armed robbery.

(*Id.*) According to Murphy, if the jury's guilty verdict on the murder charge was based on felony murder, then the conviction and sentence for armed robbery was precluded. *People v. Smith*, 183 Ill. 2d 425, 431-33 (1998).

As with Murphy's third claim, it appears that the claim is procedurally defaulted because he did not raise it in his petition for post-conviction relief. *Lewis*, 390 F.3d at 1025–26 ("This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

In any event, the claim fails on the merits. The Illinois Appellate Court stated as follows with respect to this issue:

> Where a general murder verdict is delivered for a defendant who is charged with murder in multiple counts alleging intentional, knowing, and felony murder, the defendant is presumed to be convicted of the most serious offense of intentional murder, and judgment and sentence should be entered on that count. People v. Braboy, 393 Ill. App. 3d 100, 107 (2009). However, when a defendant, who is charged with intentional or knowing murder and felony murder requests a separate verdict form for felony murder and such a request has a basis in the evidence presented at trial, the separate verdict form must be given or consecutive sentences cannot be imposed based on the offense underlying the felony murder. People v. Smith, 233 Ill. 2d 1, 10 (2009); People v. Battle, 393 Ill. App. 3d 302, 313 (2009).
>
> In the case at bar, defendant did not request separate verdict forms, yet attempts to rely on Smith to support his contention. Smith is inapplicable as it was limited to situations in which the trial court actually denied a request for separate verdict forms. See People v. Davis, 233 Ill. 2d 244, 273 (2009); Braboy, 393 Ill. App. 3d at 108; People v. Moore, 397 Ill. App. 3d 555, 564-66 (2009); People v. Allen, No. 1-08-0354, slip op. at 26-27 (May 25, 2010).
>
> Since defendant did not request separate verdict forms, Smith is inapplicable and defendant is presumed guilty of most serious offense of intentional murder. See Allen slip op. At 27. Accordingly, the trial court's sentence was proper.

(Resp.'s Ex. N, Order, *People v. Murphy*, No. 1-08-1705 at 16 (Ill. App. Ct. Jul. 14, 2010).)

When "a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). The "state law ground relied on by the state court can be procedural" and a "decision rests on independent and adequate state procedural grounds . . . when a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules." *Id*. A "state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Id*. at 592.

The Illinois Appellate Court's decision in this case represents an adequate and independent ground for its rejection of Murphy's due process claim. In particular, the appellate court rejected Murphy's claim because he "did not request separate verdict forms," and therefore it was proper for the trial court to presume that Murphy was "guilty of the most serious offense of intentional murder" in sentencing Murphy. (Resp.'s Ex. N, Order, *People v. Murphy*, No. 1-08-1705 at 16 (Ill. App. Ct. Jul. 14, 2010).) In other words, the appellate court found that Murphy had waived his claim under *Smith*. In Illinois, waiver based on a failure to object at trial is an adequate and independent state ground. *Kaczmarek*, 627 F.3d at 592.

For these reasons, the Court denies Murphy's petition under 28 U.S.C. § 2254.

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El*, 537 U.S. at 336; *Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Murphy must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (citation and quotation marks omitted). The Court concludes that Murphy has not made a substantial showing of the denial of a constitutional right, nor is there any reason to conclude that reasonable jurists would debate whether the petitioner should have been resolved in a different manner. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Date**: March 15, 2013

_____
**United States District Judge**
**Ronald A. Guzman**